**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21494-CIV-SMITH**

ERLAN POMPILIO REDONDO
BARDALES,

      Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT *and* WARDEN,
KROME NORTH SERVICE
PROCESSING CENTER,

      Respondents.

_____/

**<u>ORDER DENYING PETITION</u>**

This matter is before this Court on Petitioner Erlan Pompilio Redondo Bardales'

("Petitioner") *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the

"Petition") [DE 1].   Petitioner challenges his immigration detention under the Fifth Amendment's

Due Process Clause, arguing that Immigration and Customs Enforcement ("ICE") "have been

trying to deport [him] without see[ing] the Immigration Judge."   (Pet. 6.)   Petitioner further

argues that he has no criminal record and is not a flight risk and alleges discrimination and

mistreatment by guards and detainees.   (Pet. 6, 9.)   Upon review of the Petition, the Response

[DE 6], Petitioner's Reply [DE 12], and the record, the Petition [DE 1] is **DENIED**.

**I.**      **Background**

Petitioner is a citizen and national of Honduras.   (Record of Deportable/Inadmissible

Alien [DE 6-2] pp. 1–2.)   On February 19, 2010, Petitioner was arrested by Border Patrol at a

Greyhound bus station in Lake Charles, Louisiana.  (*Id.* p. 2.)  On July 26, 2010, an Immigration Judge entered a final order of removal against Petitioner, concluding that Petitioner was removable under Section 237(a) of the Immigration and Nationality Act ("INA"), codified under 8 U.S.C. § 1227(a).  (Order of Immig. Judge [DE 6-3].)  Petitioner was removed to Honduras in August of that same year.  (Not. of Intent/Decision to Reinstate Prior Ord. [DE 6-3] p. 1.)

Petitioner then re-entered the United States without inspection.  (Record of Deportable/ Inadmissible Alien pp. 1–2.)  When Petitioner re-entered the country is unknown.  (*Id.* p. 2.) However, on November 30, 2025, Petitioner was arrested in Miami, Florida for trespassing.  (*Id.* p. 3.)  He was booked into Krome North Service Processing Center on December 11, 2025, where he remained during the pendency of this action.  (Detention History [DE 6-6] p. 1.)  His detention is pursuant to Section 241 of the INA, codified under 8 U.S.C. § 1231.  (Resp. 3.)

On February 18, 2026, Petitioner's attempt to reopen his immigration proceedings was denied as untimely.  (2d Ord. of Immig. Judge II [DE 6-5] pp. 1–2.)  On February 25, 2026, Petitioner filed a Motion for Bond Hearing.  (Decl. [DE 6-10] p. 3.)  However, on March 4, 2026, an Immigration Judge entered an order taking "no action" on the Motion.  (3d Ord. of Immig. Judge [DE 6-8] p. 1.)

On March 2, 2026, Petitioner filed the instant Petition with this Court, in which he argues that his continued detention violates his due process rights under the Fifth Amendment.  (Pet. 6– 7.)  Petitioner also argues that he has been discriminated against by officers and inmates at Krome due to his sexual preferences, has been deprived of access to courts, and has been subject to name calling.  (Pet. 9.)  Prior to screening, Respondents filed a Response to the Petition, arguing that (1) this Court lacks jurisdiction over the instant Petition, (2) Petitioner's detention is lawful

because it has not exceeded the presumptively reasonable period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001),and (3) "Petitioner's claims concerning the conditions of his confinement are not cognizable in habeas proceedings." (Resp. 3–7.) The Court ordered Petitioner to file a Reply to the Response [DE 10], which he did on April 3, 2026 [DE 12]. In his Reply, Petitioner argues that "mandatory immigration detention . . . permits indefinite detention, thus raising the very serious constitutional problem that the [United States Supreme] Court had cautioned against in" *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Reply 4–5.) In other words, Petitioner clarified that he challenges the *length* of his detention under *Zadvydas*. (Reply 5.)

## II.     Legal Standard

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the savings clause of 28 U.S.C. § 2255(e), a federal detainee may bring a habeas petition under 28 U.S.C. § 2241 if "the remedy by motion" brought under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Therefore, a petition brought under 28 U.S.C. § 2241 is the proper vehicle through which to challenge the constitutionality of a noncitizen's immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citations omitted).

## III.     Discussion

### A.     Petitioner's *Zadvydas* Claim Lacks Merit.

Because Petitioner is subject to a final order of removal, his detention is governed by

3

8 U.S.C. § 1231(a).   Section 1231(a)(2)(A) provides for a 90-day "removal period," during which the Government "shall detain" noncitizens to effectuate their removal.   8 U.S.C. § 1231(a)(2)(A). However, some situations require that aliens be detained beyond the statutorily prescribed 90-day period.   In *Zadvydas*, the Supreme Court held that because the "indefinite detention of aliens" that "were admitted to the United States but subsequently ordered removed" "would raise serious constitutional concerns," § 1231 "contain[s] an implicit 'reasonable time' limitation" of six months.   533 U.S. at 682.   After six months, detention becomes presumptively unreasonable "if removal is not reasonably foreseeable."   *Id*. at 699–700.   Therefore, to state a claim under *Zadvydas*, a petitioner must show (1) that his "post-removal order detention" exceeds six-months and (2) there is "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."   *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).   If the petitioner satisfies this standard, the Government may rebut it by producing evidence that removal is likely in the reasonably foreseeable future.   *Id*. (citing *Zadvydas*, 533 U.S. at 701).

Here, Petitioner has not stated a *prima facie* claim under either § 1231 or *Zadvydas*.   The six-month period recognized in *Zadvydas* "must have expired at the time [Petitioner's] § 2241 petition was filed in order to state a claim . . . ."   *Akinwale*, 287 F.3d at 1052; *see also Guo Xing Song v. U.S. Att'y. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) (holding that petitioner's challenge to his post-removal order detention was premature because he had not been detained in excess of six months when he filed his petition).   The date on which the "removal period begins" is the latest of either (1) the "date the order of removal becomes administratively final," (2) "if a court orders a stay of the removal of the alien, the date of the court's final order," or (3) "[i]f the

alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B).   Under the facts of this case, the date relevant for the calculation of Petitioner's "removal period" is December 11, 2025: the date that Petitioner was transferred into ICE custody.   (Detention History 1.)   However, the instant Petition was filed on March 3, 2026; less than three months later.   (*See* Pet. 8.)   Therefore, Petitioner is not entitled to relief under either the 90-day statutory removal period established under § 1231 or the six-month period recognized in *Zadvydas*.

### B.      Petitioner's Remaining Claims Cannot be Raised in a Habeas Petition.

Petitioner's remaining claims—involving alleged name calling, discrimination, "torture[]," and deprivation of access to the courts—raise the conditions of Petitioner's confinement at Krome. (Pet. 9.)   While such allegations are concerning, they cannot be raised in a Petition for Writ of Habeas Corpus.   Instead, since Petitioner is a federal detainee, such claims must be brought in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

An immigration detainee is permitted to seek federal relief through two primary avenues: a petition for writ of habeas corpus or a civil rights complaint.   *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)).   These avenues for relief are "mutually exclusive."   *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 865 (11th Cir. 2017).   In other words, "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate . . . civil rights action."   *Hutcherson*, 468 F.3d at 754 (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

The line between a civil rights action and a habeas claim "is based on the effect of the

5

claim" on Petitioner's detention.  *Hutcherson*, 468 F.3d at 754.  When an immigration detainee challenges the "circumstances of his confinement," the claim should be raised as "a civil rights action."  *Id.* (quoting *Hill*, 547 U.S. at 579).  Alternatively, when a detainee challenges "the validity of" or "lawfulness of" his confinement, or the "particulars affecting its duration," "his claim falls solely within 'the province of habeas corpus.'"  *Hutcherson*, 468 F.3d at 754 (citing *Hill*, 547 U.S. at 579); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." (internal citation omitted)).

Petitioner's remaining claims, alleging mistreatment by officers and inmates and deprivation of access to the courts, challenge the *circumstances* of Petitioner's confinement, *not* the confinement itself or its length.  *Cf. Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348–49 (M.D. Fla. 2021) (demonstrating that a detainee can raise an access to the courts claim in a civil rights complaint); *Edouard v. Jones*, No. 17-cv-81318, 2018 WL 11650319, at *8 (S.D. Fla. Feb. 20, 2018) (demonstrating that a detainee can raise a claim involving "verbal threats" by prison staff in a civil rights complaint).  Since habeas petitions and civil rights complaints are "mutually exclusive" avenues for relief, *see Boyd*, 856 F.3d at 865, Petitioner cannot raise claims implicating the conditions of his confinement in a habeas petition.  Therefore, if Petitioner seeks to raise these claims, he must do so in a separate civil rights lawsuit.

## IV.     Conclusion

Having considered the Petition, the record, and being fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1.       The Petition for Writ of Habeas Corpus [DE 1] is **DENIED.**

2.       A Certificate of Appealability is **DENIED.**   Reasonable jurists could not find this Court's rulings either debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3.       All pending motions are **DENIED AS MOOT**.

4.       This case is **CLOSED**.  The Clerk is **ORDERED** to send a copy of this Order, along with the Court's form Civil Rights Complaint, to Petitioner at the address listed below and file a notice of compliance confirming same.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 4th day of May, 2026.

_____

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:    **counsel of record**

**Erlan Pompilio Redondo Bardales,** *pro se*
A# 087895768
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

7